[Civ. No. 989. Second Appellate District.—November 7, 1911.]

## WILLIAM GREGORY, Respondent, v. CHARLES LANTZ, Appellant.

Lease of Pumping Plant—Action for Rent—Measure of Rights—Lessee not Bound to Install Plant—Absence of Warranty.—In an action to recover a balance due for rent, under a lease of a pumping plant, the rights of the parties are to be measured by the terms of the lease, which imposed no duty upon the lessor to install the plant, for the use of the lessee, it appearing that the only covenant therein was for an option to purchase for a stipulated sum, and that it contained no covenant warranting the efficiency of the engine or the capacity of the pump. It is held that if plaintiff installed the pump, his act, so far as shown by the record, was voluntary, and without consideration, or pursuant to some

agreement not pleaded; and that if the plant, when installed, failed to do the work the lessee expected it to do, he cannot complain after failing to exact a covenant of warranty.

ID.—COMPLIANCE OF PLAINTIFF WITH TERMS OF LEASE—FINDING—RE-PAIRS — CONVERSION — SUBSTANTIAL COMPLIANCE.—The only question is whether plaintiff performed the covenants imposed upon him, which the court, upon sufficient evidence, found that he did. Where defendant claimed a failure of such compliance on plaintiff's part, by not delivering eighty feet of casing, but only sixty feet, it is held that if the claim were well taken, it would still, under the facts shown by the record, be a substantial compliance with the terms of the lease. But where the evidence shows a clear delivery of eighty feet, which were retained until near the close of the term, when, owing to the complaint by the lessee that the plant was not working satisfactorily, the plaintiff, at defendant's request, reduced the casing to sixty feet, in the nature of repairs, expecting the plant to work better, to which no objection was made until after the end of the term, any liability arising from the conversion of the extra twenty feet, near the close of the term, by plaintiff, cannot be said to show a lack of substantial compliance by plaintiff with the terms of the lease.

ID.—EVIDENCE—CONTEMPORANEOUS WRITING NOT PLEADED—RELEVANCE NOT SHOWN — PROPER EXCLUSION.—A contemporaneous writing claimed to have been signed by the defendant, when the lease in question was signed, which was not pleaded by the defendant, and which does not tend to show on its face, and is not proven to have, any connection with the transaction in question, or to be relevant to any issue involved, was properly excluded.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. B. Hervey, Judge.

The facts are stated in the opinion of the court.

Walton J. Wood, and Charles Lantz, for Appellant.

Tipton & Cailor, for Respondent.

SHAW, J.—Action to recover the balance of an amount agreed to be paid by defendant to plaintiff pursuant to the terms of a lease of personal property. Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

The lease, set out in the complaint *in haec verba,* is for one five horse-power White & Middleton engine No. 1891, one pump jack, eighty feet of seven-inch casing, forty-five feet of four-ply belting and fittings, etc., which the lessor agreed to furnish for the term of six months from July 9, 1908, for the use of which defendant covenanted and agreed to pay plaintiff the sum of $580, payable $250 cash upon delivery, and the balance in installments as therein specified. It was further provided that should suit be brought to enforce any covenant contained therein, defendant should pay a reasonable attorney's fee in such suit. The lease contains no covenants on the part of the lessor, other than an option therein given to purchase, for a stipulated sum, the leased property at any time during the term of the lease, provided the specified rental shall have been paid at the times and in the manner therein contained. The complaint alleges delivery of the property to defendant and the performance of all the covenants thereby imposed upon plaintiff, but that defendant, retaining possession of the leased property, has paid the sum of $139.37 only, leaving a balance of $440.63 unpaid, and which he refuses to pay. It also alleged that plaintiff had employed attorneys to prosecute the suit, on account of which he had incurred a liability in the sum of $75 for attorneys' fees. Defendant answered, admitting the execution of the lease, but denying that any sum was unpaid thereon, or that plaintiff had been compelled to employ attorneys, as alleged. By separate answer and cross-complaint he alleged that by said contract of lease plaintiff was to install the property so leased, so that the same could be used for the pumping of water for the summer irrigation of 1908, and that he neglected and failed to do so until December, 1908, by reason whereof he was damaged.

It is not alleged that the contract as executed was other than what the parties intended it to be; hence, the only question is whether plaintiff performed the covenants thereby imposed upon him. The court upon ample evidence found that he did. Measuring the rights of the parties by the terms of the contract, no duty devolved upon plaintiff to install the pumping plant for use in the summer of 1908, or at any other time, or at all. He simply leased the property to de-

fendant, and if plaintiff installed it, such act, so far as shown by the record, was voluntary and without consideration, or by virtue of some agreement not pleaded. Neither did plaintiff make any covenant of warranty as to the capacity of the engine or pump when installed; hence, if it be true as claimed by appellant that the plant when installed failed to do the work which he expected it to do, he cannot now complain, since he did not exact any covenant from plaintiff with regard to the efficiency of the engine or capacity of the pump.

Appellant claims there was a failure on the part of plaintiff in complying with the terms of the contract in this: That, whereas, he agreed to deliver eighty feet of casing, he furnished but sixty feet. While we think that under the circumstances disclosed by the record the delivery of the sixty feet of casing would constitute a substantial compliance with the contract, the evidence clearly shows that plaintiff delivered the full eighty feet and defendant retained and used the same for about five months, almost the entire term of the lease, when, owing to the fact that the plant failed to work satisfactorily, plaintiff, at defendant's request, undertook to remedy the trouble and removed from the well twenty feet of the casing installed therein, for the reason that it was thought the reduction in the length of the casing placed in the well would increase the efficiency of the plant. The removal of the twenty feet of casing was in the nature of repairs, and it does not appear that defendant objected to the change until January 11, 1909, which was after the expiration of the term of the lease. While plaintiff may be liable to defendant for the conversion of the twenty feet of casing, it cannot be said that such conversion five months after the delivery thereof showed a lack of substantial compliance with the contract.

During the trial defendant offered in evidence a writing claimed by him to have been signed by plaintiff at the time the contract here sued upon was executed. Plaintiff's objection to its reception in evidence was sustained. The instrument was not pleaded by defendant, and there is nothing in the writing itself, nor in the evidence offered, tending to show that it had any connection with the transaction, or was relevant to the issue involved. There was no error in excluding it from the evidence.

The theory of defendant seems to have been that, by the terms of the contract, plaintiff agreed to install the plant and guaranteed a certain degree of sufficiency. While there is nothing in the record upon which to base such theory, nevertheless, if it should be adopted, we could not, owing to a conflict of evidence, say the findings were without sufficient support.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.